FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT 26  PM 3: 48

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LENARD HARRIS,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Case No. CV406-153
                                  )
SHERIFF AL ST. LAWRENCE, et al.,  )
                                  )
        Defendants.               )

## REPORT AND RECOMMENDATION

On July 11, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any
action brought with respect to prison conditions under [42 U.S.C. § 1983]
. . . if the court is satisfied that the action is frivolous, malicious, fails to
state a claim upon which relief can be granted, or seeks monetary relief
from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).
The PLRA requires the federal courts to conduct early screening of all
prisoner suits against governmental entities or officials for the purpose of
identifying claims that are subject to immediate dismissal.  28 U.S.C. §
1915A. The Court therefore will examine plaintiff's complaint to determine
whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that following his booking at the Chatham County
Detention Center he was placed in a holding cell for over thirty-six hours,
where he was required to sit and sleep on the floor. Doc. 1. Plaintiff alleges
that when he woke up, his left side was numb and that this numbness has
yet to subside.  Plaintiff contends that a nurse evaluated him upon his
release from the holding cell on April 26, 2006, and that she informed him
that he was suffering from tension.  Plaintiff alleges that he saw a doctor
on June 1, 2006, who informed him that the numbness could have been

2

caused by sleeping on the concrete floor and prescribed motrin for him. Plaintiff alleges that the motrin did not afford him any relief from his symptoms.

Plaintiff alleges that on June 9, 2006, another inmate attacked him, which aggravated his condition. Doc. 1. Plaintiff went to the medical unit after this attack, where he was advised that his blood pressure was elevated. Plaintiff alleges that he "followed the orders given to [him] but still met negative results." Id. Plaintiff subsequently filed "a number of request forms" for medical attention and was informed that Ms. Pool, apparently a manager in the prison medical unit, stated that plaintiff would be taken to the medical unit within two or three days for an evaluation. A doctor examined plaintiff on June 11, 2006 and determined that plaintiff had suffered a slipped disc and advised plaintiff not to have any sort of neck surgery.

Plaintiff alleges that defendants' actions have violated his Eighth Amendment right to receive medical care during his incarceration. Plaintiff also complains that jail officials will not allow him to move to a first floor cell despite his complaint that climbing the stairs to the second floor causes

3

him additional pain.  Plaintiff seeks compensatory damages, including past and future medical expenses and damages for pain and suffering and other "emotional difficulties," resulting from these alleged violations.  Plaintiff also seeks an investigation of the prison in order to have it "[brought] up to the Federal level."  Doc. 1.

The Eighth Amendment requires prison authorities to provide medical care for those they incarcerate, and the Supreme Court has held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. 97, 103, 105 (1976).  For denial of medical care to constitute an Eighth Amendment violation, the plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).  However, "a complaint that a physician has been *negligent* in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  Id. at 106 (emphasis added) ("Medical malpractice does not become a constitutional violation merely because the

4

victim is a prisoner."); see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) ("'[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); Edwards v. Battalino, 232 F.3d 894, *1 (9th Cir. 2000) (evidence showing defendants were negligent in failing to administer psychotropic drugs insufficient to state § 1983 cause of action).  Plaintiff must also allege and prove a "subjective awareness of the relevant risk" by medical personnel.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff names Chatham County Sheriff Al St. Lawrence, Prison Health Services, Inc., Ms. Pool, and "staff" as defendants to the instant action.  Plaintiff, however, has failed to offer any concrete allegations as to how any of the named defendants have exhibited deliberate indifference to his medical needs.  Furthermore, plaintiff has failed to identify how any other members of the prison "medical staff"[1] have contributed to the

---

[1]The prison "medical staff" is not an entity that is subject to suit under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Harris v. Matar, 1995 WL 9247, at *1 (N.D. Ill. 1995) (Department of Corrections Medical Staff is "neither a person nor an entity subject to suit because of a lack of legal existence"); Ferguson v. Morgan, 1991 WL 115759, at *1 (S.D.N.Y. 1991) (Correctional Facility Medical Staff not a person under § 1983).

alleged deprivations.

Plaintiff does not allege that any defendant intentionally or wantonly denied him medication or other treatment with specific knowledge that he would suffer physical harm if he did not immediately receive treatment for his complaints. At most, plaintiff alleges that the prison medical staff has failed to remedy the numbness on his left side and that prison officials denied him medical treatment for two days after the alleged June 9, 2006 attack. Plaintiff describes two distinct visits to the medical unit during which medical personnel evaluated him, prescribed medications, and made other recommendations to him.[2] The Court will assume that plaintiff's condition is sufficiently serious to warrant Eighth Amendment protections, but it appears that plaintiff's claim does not amount to much more than a difference of opinion on how he should be treated or, at the very most, a claim of malpractice for the failure of the medical staff to return feeling to his left side. Plaintiff has not alleged an intentional deprivation that would violate the Eighth Amendment.

---

[2]Plaintiff has also provided the Court with copies of several grievances he submitted regarding his medical issues. See Attachments to Doc. 5. The response to each grievance indicates that plaintiff was seen and treated by the medical staff for his complaints. Id.

Based on the foregoing, the Court concludes that plaintiff has failed to state a claim of deliberate indifference to his medical needs under § 1983.[3]  His complaint should therefore be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _26ᵗʰ_ day of **October, 2006.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[3]Plaintiff also alleges that his First Amendment rights have been violated "due to the amount of grievances [he has] submitted."  Doc. 1.  Plaintiff asserts that the number of grievances he has filed "is a clear showing of a total disregards [sic] of [his] First Amenment [sic] Right."  Id.  Such an allegation, made seemingly in passing, does not state a claim cognizable under § 1983.